UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Michael M. Euler, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **versus** | § | Civil Action H-09-803 |
| | § | |
| Miles Marks, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1.     **Introduction.**

    The question in this action is whether the bankruptcy court abused its discretion in deciding that the foreclosure sale of Michael Euler's home is valid.  It did not.

2.     **Standard of Review**.

    Appellate review is limited to determining whether the bankruptcy court abused its discretion.  **See In re Fender, 12 F.3d 480, 487 (5th Cir. 1994)**.  Abuse of discretion means that the court's decision is guided by erroneous legal conclusions.  **See Koon v. United States, 518 U.S. 81, 100 (1996)**.  A bankruptcy court's findings of facts are reviewed for clear error.  **See In Re Consolidated Bancshares, Inc. 785 F. 2d 1249, 1252 (5th Cir. 1986)**.  A decision that clearly errs in interpreting the facts or law is arbitrary, negating the requirement that governmental processes be regular.  **U.S. Const. amend. V.**

3.     **Evidence**.

    A.     **Background**.

    Michael Euler mortgaged his house to Texas Dow Employees Credit Union.  When Euler did not pay Texas Dow, it foreclosed on his house.

B.    **Bankruptcy Stay**.

Euler petitioned for bankruptcy, automatically staying the foreclosure. This was Euler's fourth bankruptcy petition in five years, and he has had a fifth petition since this case began. In 2005, the bankruptcy court conditioned the stay on Euler's monthly payment of $594.01 to Texas Dow and Euler's carrying of casualty insurance on his house.

Euler did not keep it insured, and Texas Dow notified him of his default on October 25, 2005. Euler also did not pay Texas Dow the installments for October and November, 2005. Euler had ten days to cure his default. Euler did not, terminating the automatic stay. Texas Dow notified Euler of these defaults on November 29, 2005. It also filed a notice of termination with the court and served it on Euler's lawyer.

Once the stay is lifted, the foreclosure can proceed if the foreclosure accords with state law. **11 U.S.C. § 362(d)(1)**.

C.    **Texas Foreclosure**.

Texas law requires the mortgagee to notify the debtor and the public in writing of a foreclosure sale on the debtor's property at least 21 days before the sale. **Tex. Prop. Code 51.002(b)**.

On December 12, 2005, Texas Dow notified Euler that it would foreclose Euler's property on January 3, 2006. Texas Dow sold the property to Miles Marks at a foreclosure sale on January 3.

The bankruptcy court properly concluded that the foreclosure was valid. The court found that the stay correctly terminated when Euler did not fulfill his obligation to Texas Dow. Texas Dow fully notified Euler of the stay's termination and the foreclosure.

Euler's counsel complains that she was not notified of the foreclosure. The stay terminated automatically when Euler defaulted, and counsel was notified of the lifted stay. Counsel had implicit notice of the foreclosure. She also could have communicated with Euler. The foreclosure was valid under state law because Texas Dow notified Euler and the public about the foreclosure.

4.      **Conclusion**.

      The bankruptcy judge did not abuse her discretion in finding the foreclosure sale of Euler's house valid and her decision will be affirmed.


      Signed on June 8, 2009, at Houston, Texas.




Lynn N. Hughes
United States District Judge